IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3050-BO

| | |
|---|---|
| JAMEY L. WILKINS, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| OFFICER THOMPON, et al., ) | |
| Defendants. ) | |

Jamey L. Wilkins ("plaintiff") filed this suit pursuant to 42 U.S.C. § 1983. On March 13, 2012, the matter was allowed to proceed after the frivolity review. 28 U.S.C. § 1915; D.E. 5. On March 26, 2012, the summons for Officer Thompson was returned unexecuted [D.E. 12]. On April 2, 2012, a court order directed the North Carolina Attorney General to provide the address, if known, and to provide it under seal if appropriate [D.E. 13]. The North Carolina Attorney General responded under seal [D.E. 14], the summons was reissued [D.E. 15], and again returned unexecuted [D.E. 17].

Typically, the plaintiff must provide the necessary information and documentation to effect service. See, e.g., Puett v. Blanford, 912 F.2d 270, 275 (9th Cir. 1990). However,

> [i]t is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison. Thus, we conclude that, as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes.

Richardson v. Johnson, 598 F.3d 734, 739-40 (11th Cir. 2010). Moreover, 28 U.S.C. § 1915(d) "specifically vests the responsibility for service with the court and its officers." Jones v. Hashagen, 419 Fed. App'x 141, 145 (3d Cir. 2011) (per curiam) (unpublished); Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003).

Here, the court has received an address for service on behalf of Thompson, and the USMS must engage in a "reasonable effort" to effect service on defendant Thompson. See, e.g., Greene v. Holloway, 210 F.3d 361, 2000 WL 296314, at *1 (4th Cir. 2000) (unpublished table opinion). A "reasonable effort" includes attempting to serve a defendant personally. See, e.g., Simmons v. Stokes, No. 8:11-cv-00175-RMG-JDA, 2011 WL 2198298 at *2 (D.S.C. May 11, 2011) (unpublished), report and recommendation adopted, 2011 WL 2293227 (D.S.C. June 6, 2011) (unpublished); Dempsey v. Elmore, No. CV407-141, 2010 WL 2195684, at *1 (S.D. Ga. Apr. 7, 2010) (unpublished). Although some courts appear to require the plaintiff to specifically request personal service, "[t]hese cases . . . rely on an earlier version of Rule 4(c), which indicated that such a request was necessary. The current version of Rule 4 does not indicate that a request is necessary." Olsen, 333 F.3d at 1205 n.4 (collecting cases).

Therefore, the court DIRECTS the USMS to attempt to effect personal service on defendant Thompson at the address provided by the North Carolina Attorney General, and to file either proof of service or any other response to this order on or before June 20, 2012. The clerk is DIRECTED to furnish the USMS with a summons and complaint for service and the address proved under seal. If the USMS is unable to locate and serve defendant Thompson by June 20, 2012, plaintiff shall have until July 2, 2012, to show good cause why the case should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff is hereby WARNED that if he fails to show good cause, the court will dismiss the case without prejudice. See Tann v. Fisher, No. PWG-11-121, 2011 WL 2678593, at *6 (D. Md. July 8, 2011). The notice to plaintiff for failure to make service within 120 days [D.E. 18] is STRICKEN from the docket.

2

Lastly, the motion for preliminary injunction is [D.E. 8] is DENIED. A court may grant a TRO without notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). When considering a request for injunctive relief, a court must consider: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (quotation omitted); see N.C. State Ports Auth. v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193–95 (4th Cir. 1977).

A TRO and preliminary injunction are "warranted only in the most extraordinary circumstances." Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994). Plaintiff has failed to meet his burden of proof. Therefore, plaintiff's motion for a TRO and a preliminary injunction is denied.

Accordingly, the court DIRECTS the USMS to attempt to effect personal service on defendant Thompson on or before June 20, 2012, as detailed above. The notice to plaintiff for failure to make service within 120 days [D.E. 18] is STRICKEN from the docket. Lastly, the motion for preliminary injunction is DENIED [D.E. 8].

SO ORDERED, this the **26** day of May 2012.

TERRENCE W. BOYLE
United States District Judge

3